UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. PAIGE,<br><br>    Plaintiff,<br><br>v.<br><br>GLENN E. DYER DETENTION FACILITY,<br><br>    Defendant. | Case No. 17-cv-07115-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at Glenn Dyer Detention Facility, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although a complaint "does not need detailed factual allegations [in order to state a complaint], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff states that he is suing defendants for breach of duty, medical malpractice, emotional distress, intentional infliction of racial confrontations, and cruel and unusual punishment in violation of the Eighth Amendment and as set forth in *Estelle v. Gamble*. Plaintiff makes the following factual allegations. On September 7, 2017, he was not provided with standard issue prison attire. Dkt. No. 1 at 2. Plaintiff does not specify if he was completely denied prison attire, or whether the distribution of his prison attire was delayed. Plaintiff complains about the following prison conditions: laundry is not cleaned properly; food is not cooked properly; inmates are not served a balanced diet; inmates have been served burnt vegetables; inmates have been denied cell-cleanups; the prison commissary is overpriced; visits which are supposed to be an hour long are ended after thirty-five minutes; video chats and phone calls are overpriced in comparison to rates at other correctional facilities; inmates are not reimbursed or credited for video chats that fail due to the prison's electrical problems; and inmates have been denied shavers, in violation of the health and safety code. Dkt. No. 1 at 2–3. Plaintiff alleges that inmates who are disciplinary-free are placed in SHU solely due to their classification status. Dkt. No. 1 at 3–4. He also alleges that Bureau of Prisons ("BOP") inmates do not have "legal access" to the BOP administrative grievance system, and need the monthly assistance of a Disciplinary Hearing Officer or case manager. Dkt. No. 1 at 3–4. Finally, Plaintiff also complains

that each pod does not have the required number of showers, phones, shavers, and TV per inmate, and that prison officials have deliberately failed to provide these items in the correct ratio because they want to incite racial conflict. Dkt. No. 1 at 3.

Plaintiff's complaint suffers from numerous deficiencies, which the Court details below.

First, Plaintiff appears to be raising claims on behalf of other inmates. For example, Plaintiff challenges the SHU placement of inmates who have no disciplinary issues, Dkt. No. 1 at 3–4, but there is no indication that he is, or has been housed, in SHU. Plaintiff also challenges the ability of Bureau of Prisons ("BOP") inmates to access the BOP administrative grievance system, Dkt. No. 1 at 3–4, but Plaintiff does not appear to be under the jurisdiction of the BOP. It is also unclear if Plaintiff has personally suffered the other prison conditions of which he complains (shortened visits; failed video chats; incitement of racial tension; insufficient shavers). Plaintiff does not have standing to seek relief for injuries suffered by a third party, including other prisoners. *Allee v. Medrano*, 416 U.S. 802, 828–29 (1974). Standing is the "irreducible constitutional minimum" for bringing a judicial action, and requires an injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . a person cannot predicate standing on injury which he does not share." *Allee*, 416 U.S. at 828–29. Plaintiff may not proceed with claims brought on behalf of other prisoners, or on behalf of the prisoner population as a whole. Rather, he must allege facts which establish that he personally has suffered constitutional harm.

Second, outside of his allegation that the ratio of services to inmates is structured to cause racial conflict, Plaintiff does not link the factual allegations to his legal causes of actions. Plaintiff does not identify what duty was breached, and how such duty was breached. Plaintiff does not identify what actions constituted medical malpractice, or constituted cruel and unusual punishment. Nor does he identify what actions caused him emotional distress.

Third, it is unclear how the alleged prison conditions rise to the level of a § 1983 violation. Although the Eighth Amendment does not permit inhumane prisons, it does not mandate comfortable prisons. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While the Eighth

3

Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir.) *amended*, 75 F.3d 448 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989). In addition, a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. The requisite state of mind to establish an Eighth Amendment violation in a prison-conditions case is one of "deliberate indifference." *See, e.g., Farmer*, 511 U.S. at 834 (inmate safety); *Helling v. McKinney,* 509 U.S. 25, 32–33 (1993) (inmate health); *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health). A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567–68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim).

Finally, to the extent that Plaintiff is alleging that prison officials are inciting racial conflict, he appears to be alleging that prison officials are deliberately indifferent to inmate safety by not providing sufficient showers, phones, shavers, and televisions in order to cause racial conflict. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment. *Farmer*, 511 U.S. at 834. Allegations in a pro se complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005) (citing *Farmer*, 511 U.S. at 847). Here, however, the allegations are insufficient to draw inferences that would support a failure-to-protect claim. It is

4

1  unclear how the number of showers, phones, shavers, and televisions contributes to racial tensions,
2  and whether this concern exists in all pods of the detention facility, or just in pods with a certain
3  racial distribution of inmates.

Because it appears that Plaintiff may be able to correct the above deficiencies, the Court will DISMISS this complaint with leave to amend to correct the identified deficiencies, if Plaintiff can truthfully do so. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (if court determines pleading could be cured by allegation of other facts, pro se litigant entitled to opportunity to amend complaint before dismissal of action). If Plaintiff chooses to file an amended complaint, he must allege sufficient factual details against each defendant to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If Plaintiff alleges an Eighth Amendment violation, he must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey*, 276 F.3d at 567–68. The Court reminds Plaintiff that he may only seek relief for violations of his constitutional rights, and not the rights of others.

The Court notes that Plaintiff has named only one defendant, Glenn E. Dyer Detention Facility. Glenn E. Dyer Detention Facility is a local government unit, and therefore is a "person" to whom § 1983 liability applies. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). In filing an amended complaint, Plaintiff should keep in mind that municipal liability may not be imposed based upon a respondeat superior theory of liability. *Monell*, 436 U.S. at 691; *see also Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must

5

1 include the caption and civil case number used in this order, Case No. C 17-07115 HSG (PR) and
2 the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint,
3 Plaintiff must answer all the questions on the form in order for the action to proceed.  Because an
4 amended complaint completely replaces the previous complaints, Plaintiff must include in his
5 amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.
6 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material
7 from the prior complaint by reference.

8 Failure to file an amended complaint in accordance with this order in the time provided
9 will result in dismissal of this action without further notice to Plaintiff.

10 The Clerk shall include two copies of the court's form complaint with a copy of this order
11 to Plaintiff.

**IT IS SO ORDERED.**

Dated: 6/15/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge